THE PEOPLE vs. BARNES and others.

To sustain an action upon an *administrator's bond*, put in suit for the benefit
of a *creditor*, it is necessary to show not only an order of the surrogate di-
recting the prosecution of the bond, but also a *decree*, made by him, direct-
ing the payment of the debt, founded on the *omission* of the administrator
to comply with the decree.

Where a plaintiff is nonsuited for a defect of proof, the nonsuit will be set
aside on payment of costs, although properly granted by the circuit judge,
if the court have reason to believe that without such relief the cause of ac-
tion will be lost.

THIS was an action of *debt* on an *administrator's bond*, tried
at the Erie circuit in March, 1831, before the Hon. ADDISON
GARDINER, one of the circuit judges.

It was shown that the *administratrix* in this cause was cited
to appear before the surrogate, on the application of a *creditor*
of the estate to appear and render an account; that she did
appear and render an account, but failing to account for cer-
tain articles of household furniture, valued in the inventory of
the estate at $187 51 cts. the surrogate made an order permit-
ting the creditor to prosecute the arbitration bond. The de-
fendants asked for a *nonsuit*, on the ground that the plaintiffs
had failed to show a *decree* of the surrogate directing the pay-
ment of the debt of the creditor, and an omission on the part
of the administratrix to perform it; and insisted that unless
such decree was made and such non-compliance shown, the
surrogate had no authority to direct a prosecution of the bond.
The judge nonsuited the plaintiffs. A motion was now made
for a new trial.

*D. Tillinghast*, for the plaintiffs.

*T. T. Sherwood*, for the defendants.

*By the Court*, NELSON, J. The plaintiffs were rightfully
nonsuited, having failed to prove sufficient within the require-
ments of the revised statutes to sustain a recovery.

After the expiration of 18 months from the time of his appointment, an administrator may be required to render an account by an order of the surrogate, on the application of a *creditor*, legatee or next of kin of the intestate. 2 R. S. 92, § 52. On the rendition of such account, if it shall appear to the surrogate that any part of the estate remains to be paid or distributed, he shall make a decree for the payment or distribution of the money remaining, and in such decree shall settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share; to whom the same shall be payable; and the sum to be paid to each person. Page 95, § 71, 72. See also p. 116, § 18. Whenever an administrator shall refuse or omit to perform any *decree* made against him by a surrogate for rendering an account, or upon final settlement, or *for the payment of a debt*, legacy or distributive share, such surrogate may cause the bond of the administrator to be prosecuted, and shall apply the moneys collected thereon in satisfaction of such *decree*, in the same manner as the same ought to have been applied by such administrator.

In this case, the application to the surrogate to compel the account was made by a creditor; and, as it is alleged there remained assets unadministered, it was the duty of that officer to have made a decree for the payment of the debt, fixing the amount of it, or of such proportional part as would be going to the creditor, and which probably was done. 2 R. S. 95, § 71. id. 116, § 18. All this was necessary, in order to advise the administratrix of the amount to be paid, and to whom, to enable her, if she chose, voluntarily to pay it. It is true, the defendants might have set up by way of defence, that no such decree had been made, and that therefore the administratrix was unable to make the payment demanded; but the eighteenth section, page 116, puts the liability of the administrator, and the direction to prosecute his bond, upon the refusal or *omission to perform the decree* made against him for rendering an account, or as the case may be, and provides that the surrogate shall apply the moneys collected in satisfaction of the *decree*, in the same manner as they ought to have been applied by the administrator. The plaintiffs, therefore, should have shown the *decree*, and the*refusal or*

*neglect* of the administratrix to comply with it, to entitle them to recover ; and for the omission to do so, they were properly non-suited.

It was said on the argument, that the court were bound to presume the *decree* was duly made, else the officer would not have ordered the bond to have been prosecuted, as it must have appeared that the administratrix was in default before this would have been done. The powers belonging to the surrogate are given by statute, and his proceedings can be sustained only by showing a conformity to its provisions. The argument would be about as strong in principle to justify a dispensation of the proof of all proceedings previous to the order for the prosecution of the bond, as of the proceeding omitted in this case. The *decree* is not only, by the statute, a preliminary step to the order for a suit on the bond, but there are substantial reasons, which have already appeared, for requiring it.

As the plaintiffs have fallen into an error in their construction of the statute, and may have a good cause of action in point of fact within this decision, we will set aside the nonsuit, on payment of costs ; if they do not choose relief on this condition, a new trial is denied.