### GILBERT, Plaintiff in Error, v. BOYD *et al.*, Defendants in Error.

1. Where a deed of conveyance is duly acknowledged and recorded, and is shown not to be within the power of the party wishing to use the same, a certified copy thereof is admissible in evidence ; no notice to produce the original is required.
2. The appointment of trustees may be proven by parol evidence, where it does not appear that the evidence of the appointment is in writing.

*Error to St. Louis Law Commissioner's Court.*

This was an action against the trustees of the "African Methodist Episcopal Church" to recover the value of the services of plaintiff as sexton of said church. The plaintiff recovered before the justice of the peace. An appeal was taken to the Law Commissioner's Court. The plaintiff offered in evidence a certified copy of a deed to the defendants as trustees of the African Methodist Episcopal Church, and offered to prove that the original was not in his possession or within his power or control. The counsel for defendants objected to the admission of the copy on the ground that no notice had been served requiring the production of the original. The objection was sustained. Plaintiff also offered to prove by a witness that defendants were the acting trustees of said church. Defendants objected to the reception of this evidence on the ground that there was better evidence and that the books of the church should be produced. The objection was sustained. The plaintiff submitted to a non-suit.

*Bland & Coleman*, for defendant in error.

*L. M. Shreve*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

The 46th section of the act concerning conveyances (R. C. 1845) provides that when any instrument in writing conveying or affecting real estate is acknowledged or proved, certified and recorded, and it shall be shown to the court that such instrument is lost, or not within the power of the party wishing to use the same, the record thereof or the transcript of such record, certified by the recorder under the seal of his office, may be read in evidence without further proof. As the statute prescribes the state of circumstances which authorizes the deed to be read in evidence, we do not conceive that the court had any authority to require any other fact to be proved in order to make it testimony in the cause. The party offering the transcript was entitled to read it upon proof that

the original was not within his power, and the court should not have required him to prove a notice to produce the original.

As the record stands we do not see that there was any written evidence of the appointment of the trustees. If there was none, the fact of course might have been proved by parol. We do not know that the rule which permits civil officers and officers of corporations to be proved to be such by reputation and their acts extends to private trustees when there is written evidence of their appointment. It is said an agent may prove his agency when it is by parol. (Greenl. § 416.) In general, the fact of an agency can not be proved by parol unless the non-production of the writing is first accounted for. (Cowen's Notes, 1208.) The official character of officers, both civil and corporate, may be proved by acts and reputation. (Cowen's Notes, 554; United States v. Dandridge, 12 Wheat. 60.) The other judges concurring, the judgment will be reversed, and the cause remanded.