BARTON, Plaintiff in Error, v. MURRAIN, Defendant in Error.

27  235<br>31a  90

1. An exemplification of a patent certified by the Commissioner of the General Land Office, may be received in evidence without proof of the loss of the original patent.
2. Under the general law of the state certified copies of deeds of conveyance may be received in evidence upon proof that the originals are not "within the power" of the party offering such copies—that is, not within his control or possession, nor in the possession of his agent, servant or bailee.
3. Where, however, deeds conveying portions of the military bounty land in this state are executed in other states of the Union, and acknowledged and proved in accordance with the laws and usages of such states and not in accordance with the law of this state, certified copies of such deeds can be read in evidence only upon proof of the loss or destruction of the original.
4. The loss of such instruments should be presumed if it appear that search has been made in the proper places and by the proper persons, and that they can not be found after due diligence has been used in looking for them.

*Error to Linn Circuit Court.*

This was an action to recover possession of a tract of one hundred and sixty acres of land. In support of her title the plaintiff introduced in evidence, against the objection of defendant, an exemplification of a patent to one Aaron Dresser certified by the Commissioner of the General Land Office. Certain preliminary proof was offered and received with a view to show the loss of the original.

The plaintiff then offered in evidence a copy of a deed executed by Aaron Dresser in favor of one Romulus Riggs. The copy was certified by the clerk of the circuit court of Howard county, in the state of Missouri. The offering of this certified copy in evidence was accompanied by the following preliminary proof: Thomas Shackelford, a witness, stated that he had requested one Stephen Donohoe, now dead, to apply to the administrator of William Rector's estate in St. Louis county for the title papers relating to the tract in controversy; that Donohoe informed him that he had so applied, and was informed that the papers belonging to said estate were in the clerk's office; that he applied to the clerk, who made search, and informed him that all the title papers belonging to Rector's estate had been abstracted from the office; that after the death of Donohoe he wrote several letters for Wharton R. Barton and requested him to send them to St. Louis and have inquiry made for said title papers, also, a letter to be forwarded to Romulus Riggs, Baltimore, making inquiry for said deed from Dresser to Riggs; that he had a letter from St. Louis stating that no trace of said deed could be found. Wharton R. Barton testified that he forwarded letters to St. Louis and Baltimore making inquiries for the deed from Dresser to Riggs; that he received no answer from Riggs. This deed of Dresser was acknowledged in the state of Massachusetts before a justice of the peace. The defendant contended that the official character of the justice was defectively certified or authenticated. The court,

Barton v. Murrain.

on the objection of defendant, excluded the deed; whereupon the plaintiff took a nonsuit, with leave, &c.

*Shackelford,* for plaintiff in error.

I. The land in dispute being a part of the military bounty land, the deed was admissible in evidence. (R. C. 18—, p. 366, sec. 51.) The deed was made in Massachusetts, and by the law of that state was properly acknowledged before a justice of the peace. It was properly admitted to record without further proof. It was admissible in evidence without any certificate of the clerk to the official character of the justice. The law of Massachusetts did not require such a certificate.

II. Even if the certificate was necessary, the certificate accompanying the deed is sufficient.

III. The preliminary proof was amply sufficient.

*Harris & Boardman,* for defendant in error.

I. The preliminary proof was insufficient.

II. The certificate of George Bradbury to the official character of the justice is insufficient. He styles himself clerk of the "judicial courts," and says that he affixed the seal of the "county." It does not appear that he had authority to use the seal of the county. There is no copy or representation of his official seal.

RICHARDSON, Judge, delivered the opinion of the court.

The exemplification of the patent certified by the Commissioner of the General Land Office was properly received in evidence without proof of the loss of the original; and it is said to be evidence of as high a nature as the original, as it is a recognition by the government itself of the validity of its own grant under its own seal. (Patterson v. Winn, 5 Pet. 242.) But we think that the copy of the deed from the patentee to Riggs was properly rejected.

When there is no ground of suspicion that a paper is intentionally withheld, and there is no apparent motive for

16—VOL. XXVII.

deception, the courts are very liberal in regard to secondary evidence. Thus, it has been held that a party claiming under a warranty deed is not presumed to hold the title papers anterior to his own deed, because they are supposed to be in the hands of his warrantor, who retains them for his own protection; (Lord Buckhast v. Fenner, 1 Coke, R. 1; Jackson v. Woolsey, 11 John. 453; Eaton v. Campbell, 7 Pick. 10; Cook, lessee, v. Hunter, 2 Tenn. 113;) and in such cases copies may be read; also, that a purchaser at a sheriff's sale may give copies in evidence when it is necessary to deduce the title of the person whose property has been sold, because he is only privy in estate and is not supposed to have the custody of the original; (Den, d. v. Hilliard, 2 Murph. 270;) and that a copy is admissible when the grantee, who is presumed to have the original, is out of the state; (Boone v. Dyke, 3 Mon. 532; 7 Pick. 10;) or the paper is in the hands of a third person under such circumstances that the law will not compel him to produce it, or that he is beyond the process of the court. (United States v. Reyburn, 6 Pet. 352.)

In reference to instruments conveying or affecting real estate in this state, which are acknowledged or proved, certified and recorded, pursuant to the general law on the subject, the same spirit of liberality is indicated in the 46th section of our act concerning conveyances, (1 R. C. 1855, p. 365,) which declares that when it shall be shown to the court by the oath or affidavit of the party wishing to use a copy, or of any one knowing the fact that such instrument is lost or not within the power of the party wishing to use the same, the record thereof, or the transcript of such record certified by the recorder under the seal of his office, may be used without further proof. It is not necessary to show that the instrument is lost or destroyed, but the transcript may be used upon proof that the original is not within the power of the person offering it. (Gilbert v. Boyd, 25 Mo. 27.) The words of the statute, "not within the power," should be construed as not within the control or possession of the party

wishing to use a copy—that is, not in the possession of the party, his agent, servant or bailee, or other person under his control. Therefore, if the original is presumed to be in the hands of a third person, a copy may generally be read without the preliminary oath or affidavit of the party wishing to use it; and, in all other cases, in the absence of any suspicion of unfairness, nothing more should be required than that the oath or affidavit should show that the original is not within the control of the person offering a copy.

The property in controversy is a part of the military bounty land, and there is special legislation in reference to instruments conveying or affecting land in the military district, the policy of which is obvious. The 51st section of the act concerning conveyances (1 R. C. 1855, p. 366) provides that every instrument in writing, which conveys or in any way affects any real estate situate in this state and being part of the military bounty land in this state, " which has been or may hereafter be made and executed out of this state and within the United States, and which has been or may hereafter be acknowledged or proved in conformity with the laws and usage of the state, territory or district, in which such instrument has been or may hereafter be made, executed, acknowledged or proved, for the execution, acknowledgment or proof of instruments in writing, conveying or affecting real estate within such state, territory or district, shall be recorded in the county in this state in which such land be situated." And the 55th section permits copies of such instruments or of the record of the same, duly certified, &c., to be read in evidence, with like effect as if the original were produced and read, *upon proof of the loss or destruction of the original instrument.*

It will be observed that, though the legislature, out of tenderness to the vendees of the soldiers of the war of 1812— the great majority of whom were nonresidents of this state— allowed to be recorded conveyances of land in the military district, with certificates of acknowledgment that are insufficient to deeds conveying land in other parts of the state,

it denies the right to use secondary evidence in such cases under the same circumstances that it is permitted in cases of ordinary deeds. In one case, a copy may be used upon proof that the instrument *is lost and not within the power of the party wishing to use it*; but in the other, *only on proof of the loss or destruction of the original.* The difference in the language of the 46th section and 55th section is too marked to be the result of accident, and we suppose it was intended to impose stricter terms on one class of instruments than on the other.

It is not however deemed necessary, in order to let in secondary proof of the contents of a deed conveying land in the military district and not acknowledged according to the general law, that there should be evidence of an absolute loss of the original. In the nature of things, it is seldom that an actual destruction of a paper can be shown, and proof falling short of this must be received, and, as a general rule, it ought to be sufficient to raise the presumption of loss that search has been made in the proper place and by the proper person, and that the paper can not be found after due diligence has been used in looking for it.

The deed may have been acknowledged in conformity to the laws of Massachusetts where it was executed, but the preliminary proof of the loss of the original was not sufficient to admit the copy in evidence. It does not appear from the testimony of Mr. Shackelford or of Mr. Barton that either of them ever made any search at any place or time, or ever had an interview with any person who had the right to the custody of the original. It is not shown that Rector's estate ever had any connection with the land; and if it had, the second-hand statements of the administrator would not be received, because he is a competent witness and might be called to testify, and therefore his declarations were mere hearsay and inadmissible. The other judges concurring, the judgment will be affirmed.