Crispen v. Hannavan.

---

E. P. CRISPEN, Respondent, *v.* BERNARD HANNAVAN, Appellant.

1. *Deeds — Acknowledgments — Military bounty lands — Copies — Proof of loss, etc.* — A deed conveying military bounty lands in this State, and acknowledged before a notary public of another State, is inadmissible in evidence, unless the evidence shows that such notary was, at the time of the execution of the deed, authorized by the laws of his own State to take such acknowledgment. (Wagn. Stat. 278, §§ 35-6.)

1. And copies of such deeds from the county records are not admissible upon proof — as in ordinary cases — that the original is not within the control of the party wishing to use it; but the proof must show the loss or destruction of the original instrument.

2. Nor are such deeds admissible solely by reason of their ancient date. Mere antiquity is not sufficient to authorize their introduction. They must be otherwise accounted for, or it must be shown that they come from the proper custody.

3. Sections 35 and 36, p. 595, Wagn. Stat., touching record copies of ancient deeds, do not contemplate cases of bounty.

2. *Decrees — Bind parties and privies.*—Judgments and decrees conclusively bind all parties or persons in privity, whether of estate or blood or law, but has no binding power over strangers.

## *Appeal from Ray Court of Common Pleas.*

Plaintiff, among other matters, offered in evidence a certified transcript of the papers, proceedings, orders and decrees of the case wherein Godfrey and Fish were plaintiffs, and the unknown heirs and devisees of Henry Clay, deceased, were defendants, brought to supply by decree a deed from Henry Clay to Richard Findell for the land in controversy, with other lands, dated October 14, 1839. See further the opinion of the court.

*Ray, Shields* and *Hale & Eads*, with *Bannister & Hughes*, for appellant.

The deed from Young to Morrison, of April 20, 1819, was clearly not admissible as an ancient deed, for the reason that plaintiff offered no proof to show that it came from the proper custody, or that it had been accompanied with any act of ownership, claim or possession of the property to which it applied. (3 Johns. 297; Greenl. Ev., §§ 142, 144, 570.)

The record copy of a deed from Morrison to Henry Clay, dated the 13th of November, 1819, was inadmissible because plaintiff offered no proof of the loss or destruction of the original, as he was bound to do in a case like this, where the deed was for a military tract and was executed and acknowledged out of this State, and not acknowledged according to our law. Our law at that date (15th of November, 1819) did not authorize a notary public to take such acknowledgment. (Wagn. Stat. 278-9, §§ 35, 36-38; 27 Mo. 235.) Section 36, Wagn. Stat. 595, relied upon

by plaintiff in order to make the copy admissible in evidence, clearly does not do so, and has no application to a case like this. In the first place, that section was not designed to change the rule of law applicable to primary and secondary evidence ; in other words, said copy cannot be resorted to without first accounting for the original, as required by law. And in the next place, that section is a part of the general law of evidence applied to deeds generally ; but this deed being for military land, and executed and acknowledged out of this State, and not in conformity to our law, is an exception to the general rule, and by our law governing such lands and such deeds, is subjected to a different and special rule. And in such cases such copies cannot be read without proving the loss or destruction of the original. (Wagn. Stat. 278–9, §§ 35, 36, 38 ; 27 Mo. 235.)

*G. W. Dunn* and *L. H. Waters*, for respondent.

The deed from Young to Morrison, acknowledged in the District of Columbia before a notary public, was properly admitted. It was the duty of the court to take notice of the laws of the District of Columbia relating to the acknowledgment of deeds. (Carpenter v. Dexter, 8 Wall. 513.) It was an ancient deed. (1 Greenl. Ev., § 21 ; Winn v. Patterson, 9 Pet. 673 ; Howlett v. Cock, 7 Wend. 373.) The certified copies of the deeds from Young to Morrison, and from Morrison to Clay, were properly admitted under the statute. (Wagn. Stat. 595, §§ 35, 36.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment to recover certain military lands lying in Carroll county. The two deeds offered in evidence by the plaintiff and received by the court were, I think, improperly admitted. One of the deeds was acknowledged before a notary public of the District of Columbia, and the other before an officer of like character in the State of Kentucky. The statute provides that every instrument of writing executed out of this State and within the United States, which conveys or affects military bounty lands in this State, and which is acknowledged or proved according to the laws and usages of the place where executed, shall be

received and recorded in the county where such lands lie ; and such instrument is then made as valid and effectual as if acknowledged or proved in accordance with the laws of this State. (Wagn. Stat. 278, §§. 35, 36.) But it is nowhere shown that at the time of the execution of the deeds a notary public was authorized to take the proof or acknowledgment of the same, either in the District of Columbia or in the State of Kentucky, nor was there any such power or authorization existing in this State.

The copies of the deeds from the record were equally inadmissible, for the statute declares that copies of such instruments, or the record of the same, duly certified by the recorder of the county in which the same may have been recorded, shall, *upon proof of the loss or destruction* of the original instrument, be read in evidence with like effect and on the same conditions as the original instruments. (Wagn. Stat. 279, § 38.) The deed, to be effectual, if not acknowledged in conformity with the laws of this State, must have been proved and acknowledged in accordance with the laws of the State where the same was executed, and a copy can only be used upon showing the loss or destruction of the original. (Barton v. Murrain, 27 Mo. 235.)

No attempt was made to show that the original instrument was lost or destroyed, and therefore the law did not authorize the introduction of the copy as evidence. Nor was the deed admissible as an ancient deed or document. It is true it possessed the requisite age, but something more is necessary to justify the admission of this class of evidence. Mere antiquity in date is not sufficient. It must be otherwise accounted for, or shown that it comes from the proper custody. (1 Greenl. Ev., § 142.) The sections of the statute (Wagn. Stat. 595, §§ 35, 36) relied on by the plaintiff are not applicable to this case. They relate and have reference to the general law of evidence, while a peculiar and different provision is made to apply to military bounty lands.

In my opinion, the court erroneously admitted the decree in evidence against the objections of the defendants.

Judgments and decrees conclusively bind all who are parties or privies to the proceeding, and privity denotes mutual or successive relationship to the same rights of property. Privies, whether in

estate; in blood, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity. (Carver v. Jackson, 4 Pet. 85; Case v. Reeve, 14 Johns. 81.) But while this principle is firmly established in justice, and prevents again drawing matters in controversy which have been previously settled by solemn judicial proceedings, it is also an obvious axiom that no man ought to be bound by a decree or judgment to which he was a stranger. There is nothing in the record to show that the defendant was identified with the parties whose rights were passed upon and litigated by the decree, and without this it cannot be binding upon him.

For the wrongful admission of evidence, therefore, the judgment will be reversed and the cause remanded. Judge Bliss concurs. Judge Adams absent.