SARAH G. TOTTEN, Respondent, *vs.* SAMUEL JAMES, Appellant.

1. *Evidence—Conveyances, certified copies of—Record, over fifty years old—Military bounty lands—Statute, construction of.*—Though it might be questionable, whether the certified copy of a conveyance of military bounty lands recorded over fifty years before was admissible in evidence under the statute (Wagn. Stat., 595, §§ 35, 36) without further proof; yet it would be clearly admissible under the Act of March 22nd, 1873 (passed since the trial in this case), and therefore this court will not reverse the case on account of such admission, but adjudge the costs of the appeal against the party who offered the deed in evidence.

2. *Ejectment—Outstanding title—Limitations, statute of.*—An outstanding title is not admissible. in evidence in favor of the defendant in an ejectment suit, when it is barred against the plaintiff by the Statute of Limitations. (McDonald vs. Schneider, 27 Mo., 405, affirmed.)

*Appeal from Carroll Circuit Court.*

*Ray & Ray,* for Appellant.

I. The certified copy of the record of the deed from White-head to Snell was not admissible in evidence, because the original of said deed did not appear to have been properly acknowledged under our laws or the laws of Kentucky, when made, nor was any proof of its execution offered, nor was any proof offered to show what were the laws of Kentucky at that time in reference to the acknowledgment of deeds. (Crispen vs. Hannavan, 50 Mo., 415 ; 1 Greenl. Ev., 183, § 142, 6 Ed.) Such certified copy was not admissible under Wagn Stat., 594, 595 ; the law applicable to military bounty lands is different (Wagn. Stat., 278, 279).|

II. Any alteration of that law (Sess. Acts 1873, p. 44) since the date of the trial of this case below cannot have anything to do with the decision of this case. It has often been decided, that a rule of evidence frequently becomes a rule of property, and, when that is the case, no subsequent change of the law of evidence can or will be permitted to work a divestment of title, or be allowed to confer title where it did not exist before;

III. The deed from Snell to Gibson, by the certificate duly indorsed thereon, appeared to have been duly proven by an

attesting witness thereto before a competent officer, and it further appeared by the oath of the defendant, that said original of said deed was not within the power of said defendant, nor ever had been, and that he knew nothing about it. The record of said deed was therefore admissible. (Wagn. Stat., 274–276, §§ 9, 15, 16, 17, 18; *Id*. 277, 278.)

A party offering the copy of a deed pertaining to military bounty land is not bound to prove its loss or destruction, unless the deed so offered is claimed to be admissible by reason of its having been acknowledged or proved out of this State and in conformity to the laws of the State where the acknowledgment or proof purports to be taken. (Wagn Stat., 278, 279, §§ 35–38.)

This deed was proved up in this State before a competent officer. In such case and under such certificate of proof, the party offering is only bound to make oath, that the original is not within his power.

IV. As to outstanding title see Gurno vs. Janis, 6 Mo., 330; McDonald vs. Schneider, 27 Mo., 405; Meyer vs. Campbell, 12 Mo., 603; Schulz vs. Lindell, 30 Mo., 310; Callaway vs. Fash, 50 Mo., 420; Boyd vs. Jones, 49 Mo., 202.

*L. H. Waters*, for Respondent.

I. The certified copy of the record of the deed from Whitehead to Snell is admissible in evidence under Wagn. Stat., 595, § 33, as amended March 22d, 1873 (Laws 1873, p. 44). As the law stood when this cause was tried in the court below, the record offered, being of a deed for military bounty land, was not admissible. (Ryder vs. Fash, 50 Mo., 476; Crispen vs. Hannavan, *Id*., 415.) Though error may have been committed by the court below on the then state of statutory law, yet if by subsequent legislation such change has been made in the then existing law, so that, if the judgment was reversed, the court below by virtue of the new statute would have to give the same judgment, this court will affirm. (Pugh vs. McCormick, 14 Wall., 361.)

II. The record of the deed from Snell to Gibson was prop-

erly excluded. The land in controversy was military bounty land, and the record was of a deed which purported to have been executed out of this State, and within the United States, and the loss or destruction of the original should have been proved. (Wagn. Stat., 270, § 38.) This deed was executed when it was "signed, sealed, and delivered." (Christy vs. Cavanagh, 45 Mo., 375; Barton vs. Murrain, 27 Mo., 240.) Deeds to military bounty lands, executed out of the State, are withdrawn from the statutory rules of evidence relating to conveyances in general. (Crispen vs. Hannavan, 50 Mo., 415.)

III. The outstanding title relied on by appellant was barred by the statute of limitation.

NAPTON, Judge, delivered the opinion of the court.

This was an ejectment by plaintiff to recover a tract of land in the Military Bounty Land District.

The plaintiff's title was based on a deed from one White-head to her ancestor, dated June 3, 1819, and recorded in Howard Co., Mo., Nov. 8, 1819.

The defendant offered an outstanding title in one Gibson, depending on a deed made by plaintiff's ancestor, dated Jan'y 17, 1820, and recorded March 6, 1872. The only questions in the case are presented by the admission of the certified copy of the first deed, and the rejection of the certified copy of the second. The deed from Whitehead to Snell, plaintiff's ancestor, is clearly admissible under the 35th and 36th sections of the law concerning Evidence (Wagn. Stat., 595), since the legislative interpretation of these sections by the Act of March 22, 1873 (Sess. Acts of 1873, p. 44), and if there was any doubt about the propriety of its being received in evidence under the statutes as they were at the trial, it would be use-less to send the case back, as it is certainly admissible now. This is only a question of costs.

The deed to Gibson was properly excluded. There was no proof of the loss or destruction of the deed (Barton vs. Murrain, 27 Mo., 240). Besides, it was offered as an outstand-

ing title, and was barred as to the plaintiff by the Statute of Limitations. (McDonald vs. Schneider, 27 Mo., 405.)

The judgment is affirmed, but the costs of the appeal adjudged against plaintiff below. Judges Adams and Wagner absent.