B. K. TULLY, *et al.*, Appellants, *vs.* D. B. CANFIELD, *et al.*, Respondents.

1. *Conveyances of military bounty land—Acknowledgments—Certified copies, when admissible.*—Where a deed conveying military bounty land is acknowledged according to the statutes of Missouri, a certified copy thereof may be shown in evidence. without previous proof of the loss or destruction of the original, and it is immaterial whether it be acknowledged in or out of this State. Sections 35. 36 and 38 of the statute relating to conveyances of real estate (Wagn. Stat., 278, 279) refer exclusively to conveyances made outside of this State and acknowledged in conformity to the *lex loci*,—but defective under the Missouri statute. (Totten v. James, 55 Mo., 494, criticised.)

### *Appeal from Linn Common Pleas.*

*S. P. Huston,* for Appellants.

I. The deeds were acknowledged according to the laws of this State, and the record copy was admissible in evidence under the general law. (Wagn. Stat., 278. § 30, 1872.)

II. Plaintiffs claimed under general warranty deed, and in such case record copies may be read as, the "warrantor is presumed to retain the title papers anterior to his own for his own protection." (Lord Buckhast vs. Fenner, 1 Coke, 1; Jackson vs. Woolsey, 11 Johns., 453; Eaton vs. Campbell, 7 Pick., 10; Barton vs. Murrain, 27 Mo., 235; Will. Real Est., 546.)

*W. H. Brownlee,* for Respondents.

I. Copies of the record of the deeds were not admissible until the loss or destruction of the originals have been proven. (Barton vs. Murrain, 27 Mo., 240; Christy vs. Cavanaugh, 45 Mo., 375; Crispen vs. Hannavan, 50 Mo., 415; Wagn. Stat., 1872. 278, 279, §§ 35, 36, 38.)

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for recovery of certain land in military bounty land district.

The only question the case presents is the proper construction to be given to sections 35, 36 and 38 of chapter 35 in relation to Conveyances. (Wagn. Stat., 278, 279.)

The obvious and accomplished objects of the foregoing sections were, First, to waive, as to instruments conveying or affecting military bounty lands, any informality caused by non-compliance with our laws respecting acknowledgments, provided said instruments were acknowledged in accordance with the laws of the State where executed; second—to put the instruments thus acknowledged, on the same footing as though they fully conformed to our general law in reference to acknowledgments, with but the single exception, that until proof of loss or destruction of the originals, copies thereof were precluded from being read in evidence.

The sections mentioned can manifestly have no reference except to that class of conveyances specified therein; and can by no possibility apply except upon the triple concurrence of First—a conveyance made of military bounty land; Second —made outside of this State and within the United States: Third—acknowledged in conformity to the *lex loci* of its execution.

And, unless the instrument fully complies with the conditions specified in those sections, it fails to fall within their purview; and whether relating to military bounty, or other land, is to be exclusively controlled by the provisions of the general law respecting acknowledgments.

The cases of Barton vs. Murrain, 27 Mo., 235; Christy vs. Cavanaugh, 45 Mo., 376; Crispen vs. Hannavan, 50 Mo., 415, are not in antagonism to this view, but, rather accord therewith, as those decisions only apply to a class of instruments falling fully within the terms of the sections under discussion.

The case of Totten vs. James, (55 Mo., 494) is at variance with the conclusion at which we have arrived in the case at bar; but doubtless owing to momentary inadvertence as to the proper distinction to be taken between instruments relating to military bounty land, the acknowledgment of which conforms to the laws of other States, and conveyances of the same description of land the acknowledgment of which, whether taken in this State or elsewhere, are in full conformity to our own laws.

As the conveyances in question fully complied with our general law in relation to acknowledgments, it was wholly immaterial where those acknowledgments were taken.

For these reasons, the instruction, in the nature of a demurrer to the evidence which effected the exclusion of the copies of deeds offered by plaintiffs, because the loss or destruction of the originals was not first proven, was erroneously granted.

Judgment reversed and cause remanded; the other judges concur except Judge Vories.                    absent.