I. HARRIS, Respondent, v. L. B. SILVERMAN, Appellant.

Springfield Court of Appeals, April 3, 1911.

1. PARTIES: Real Party in Interest: Bills and Notes: Judgments: Appeal and Error. An action on promissory notes was brought and judgment obtained against defendants by I. Harris, the wife of Henry Harris. The defense was that the plaintiff was not the real party in interest, so as to enable her to maintain the action. The notes were payable to I. Harris, but defendants claimed that they had been delivered to Henry at the time when he was doing business as I. Harris and when they believed him to be I. Harris. Henry Harris introduced as a witness by defendant testified that for nineteen years he had been doing business as agent for his wife, and that the notes belonged to his wife. *Held*, that defendant was bound by Henry's testimony which showed plaintiff's right to maintain the action, and *held*

further, that Henry was bound by the judgment on the notes and defendants were protected from another suit, and the defense, if true, was technical and did not materially affect the merits and under section 2082, Revised Statutes 1909, the error, if any, did not justify reversing the judgment.

2. ——: ——: ——: **Trustee of Express Trust.** Where a note is made payable to one party and is held for the benefit of another party, the payee is the trustee of an express trust and has the right to maintain a suit on a note as plaintiff, without joining the beneficiary.

3. **WITNESSES: Evidence: Party Bound by Testimony of Own Witness.** A party to a suit is bound by the testimony of his own witness.

4. **JUDGMENTS: Binding on Parties and Privies.** Judgments and decrees conclusively bind all parties or persons in privity, whether of estate, or blood, or law.

5. ——: ——: **Persons Participating in Suit.** Those who assume a right to control or actively participate in the trial or its management, though not formal parties, will be concluded by the judgment.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*H. W. Currey, George V. Farris* and *W. J. Owen* for appellant.

(1) Section 1729, R. S. 1909, provides that "every action shall be prosecuted in the name of the real party in interest except· as otherwise provided in the next succeeding section." Sheridan v. Nation, 159 Mo. 27. (2) The woman, "I. Harris," the plaintiff in this case, the evidence shows, paid nothing originally as considerations for the notes sued on; the contract was not made with her and was not payable to her but to H. Harris, under the name of I. Harris, and the notes sued on were never assigned to her and she was not a party for whose use and benefit the notes were made, neither was she the party in whose name the notes were made, for they were made to H. Harris under the adopted name of I.

Harris. In such case she cannot maintain the suit. Collock v. Emmert & Co., 43 Mo. App. 566; Chrisman-Sawyer Co. v. Mfg. Co., 168 Mo. 634; Dickey v. Porter, 203 Mo. 26. (3) "I. Harris," the woman, was not the trustee of an express trust within the purview of section 1730, (1st) because the contract was not made for her use and benefit; (2) she was not the person with whom or in whose name the contract was made. Banking Co. v. Mfg. Co., 168 Mo. 634. (4) The plaintiff, "I. Harris," the woman, sued upon a contract charging that it was made to her. The evidence showed the contract was made with H. Harris, doing business in the name of "I. Harris." She was permitted to recover upon a contract which was made between the defendant and H. Harris. This constituted a failure of proof. Valdheir v. Railroad, 71 Mo. 514; Smith v. Fordyse, 190 Mo. 1. (5) One party cannot be substituted for another even by amendment. Jordan v. Railroad, 105 Mo. App. 446; Paul v. School District, 36 Mo. 21; Thompson v. Allen, 86 Mo. 85; Hajek v. Society, 66 Mo. App. 568; Altheimer v. Tesucher, 47 Mo. App. 284; Courtney v. Scheehy, 38 Mo. App. 290.

*F. B. Wheeler* and *Thomas & Hackney* for respondent.

(1.) The defendant by the execution of the notes to the plaintiff, estopped himself from denying the capacity or right of the plaintiff to become the payee in the notes and to exact payment thereof. 1 Daniel on Negotiable Instruments (4 Ed), sec. 93; Nicolay v. Fritchie, 40 Mo. 67; Snider v. Express Co., 77 Mo. 527. (2) The defendant, having by his negotiable promissory notes, promised to pay the amounts therein specified to the plaintiff, it could make no difference to him whether the money which he obtained on the notes at the time they were given, belonged to the plaintiff or to her husband, Henry Harris; and even had the money which

the defendant received been the money of Henry Harris, he (Harris) had a perfect right to make his wife, the plaintiff, the payee and beneficiary in the notes, and the payment by the defendant of the notes to her would forever preclude Henry Harris from recovering the consideration of the notes. Nicolay v. Fritchie, 40 Mo. 67.

NIXON, P. J.—This action was originally brought on six promissory notes, negotiable in form, executed by the defendant, L. B. Silverman, and M. B. Oshinsky, and payable to the order of I. Harris. The petition contained six counts. Plaintiff dismissed as to the second, third and fourth counts before the trial. A trial was had on the remaining counts before a jury which returned a verdict in favor of the plaintiff on the fifth and sixth counts for the principal sum of $3500. Defendant has appealed.

The petition was in the usual form, alleging the execution, maturity and non-payment of the notes. The answer contained, first, a general denial, and second, a plea of payment as to each of the notes in the fifth and sixth counts. There was no affidavit filed in the case denying the execution of the notes. The reply was a general denial.

On the trial, the testimony was voluminous on the question of payment. The verdict of the jury on that issue was against the appellant and no point is made in this court on that issue.

The only question presented for our consideration and on which the stress of the appeal is thrown, is as to whether I. Harris, the plaintiff, was the real party in interest so as to enable her to maintain the action.

At the trial, the plaintiff introduced the notes and rested. Defendant then called to the stand one Henry Harris who, on being asked if his name was I. Harris, answered that he was the husband of I. Harris; that I. Harris was the plaintiff and had brought suit on these

notes. He testified, however, that for nineteen years he had been doing business under the name of I. Harris; that these notes were executed by the defendant and delivered to him. Then follows a mass of evidence as to how and where and when the notes were signed, the business relations of the several men who took part in a series of transactions extending over a number of years and in many places, the attempt to show payment, the destruction of notes, the accounts of Henry Harris as I. Harris in different banks; in all, a record of questions burdened with suspicion of fraud, and many reluctant, parrying answers on the part of the witness, Henry Harris, so widely known as I. Harris.

A prolonged discussion is not necessary to a determination of this case. It will be remembered that appellant placed Henry Harris on the stand and elicited the answers on which appellant bases his objection to the regularity of the judgment. Viewed from the standpoint of the substantial rights of the parties, seemingly this appeal is an effort to escape by the technicality route the payment of notes which appellant confessedly executed and for which he received full value and which the jury found have not been paid. At the very outset, appellant's witness, Henry Harris, stated that I. Harris was his wife, and that it was her suit, and that he was transacting the business as the agent of his wife, I. Harris. Whether or not this was true is not our function to decide; it was evidence brought into the record by the appellant. We have no doubt, after reading the evidence, that defendant thought he was dealing with the *man* whom he knew and had done business with as I. Harris. Henry Harris testified as to the ownership of the notes in suit as follows: "Q. You said it belonged to you? A. I said nothing of the kind. Q. Who did you say it belonged to? A. I. Harris." And he stated that I. Harris was his wife for whom he acted as agent. There was no testimony that Henry Harris owned the notes.

"It is now settled that when a simple contract, whether verbal or written, is entered into by an agent in his own name, but really acting on behalf of an undisclosed principal, and the fact of the agency is unknown at the time, but the parties suppose that they are dealing with him on his own individual account, the principal may bring an action and recover upon it as though he had been the party expressly contracting." [Pomeroy's Code Remedies (4th Ed.), sec. 79, pp. 115-116, and cases cited.] What difference, on principle, can it make that the agent was in fact known as I. Harris and that his undisclosed principal was I. Harris? Defendant dealt with a man whom he knew as I. Harris, supposing he was dealing with the principal. Defendant, when sued by I. Harris, places on the stand as his witness the man whom he had supposed was the principal and such witness testifies that he was merely acting as the agent of I. Harris, his wife. The defendant is bound by the statements of his own witness. The case is not unlike that of Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300. Suppose Henry Harris had been named Isaac Harris and had done business and become known as I. Harris and this same transaction had taken place in the same way. If defendant made him his witness and elicited the fact that he (Isaac) was in fact acting for his wife whose name happened to be Ida Harris, and the witness disclaimed interest in the suit, saying the notes belonged to I. Harris, his wife, could defendant complain? And, upon the theory that the notes were made in the name of I. Harris for the benefit of Henry Harris, I. Harris, as a trustee of an express trust would have a right to maintain the suit as plaintiff without joining the beneficiary. [Sec. 1730, R. S. 1909; Jones v. Kansas City, F. S. & M. Ry. Co., 178 Mo. 528, 77 S. W. 890; Lee v. Mo. Pac. Ry. Co., 195 Mo. 400, 92 S. W. 614.]

Within the meaning of the law, Henry Harris was a privy to the suit, and he is as conclusively bound by the judgment as though he had been made an actual party to

the record. The appellant is therefore protected against another suit by him on these notes. Judgments and decrees conclusively bind all parties or persons in privity, whether of estate or blood or law. [Crispen v. Hannavan, 50 Mo. 415.] The fundamental rule of law in such cases is, that a matter once adjudicated by a court of competent jurisdiction, may be invoked as an estoppel in any collateral proceeding, when the same parties or their privies, or one of the parties and the privy or privies of the other allege anything contradictory to it. And those who assume a right to control or actively participate in the trial or its management, though not formal parties, will be concluded. [State ex rel. Subway Co. v. St. Louis, 145 Mo. l. c. 567, 46 S. W. 981, and cases cited.]

Indeed, a very casual examination of the record emphasizes the importance and wisdom of our statute (Sec. 2082, R. S. 1909) prohibiting appellate courts from reversing judgments unless error materially affecting the merits of the action is made to appear. Finding no material error, the judgment is affirmed. *Cox, J.,* concurs; *Gray, J.,* having been of counsel, not sitting.